J-S27011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DENNIS EUGENE LANE, | |
| Appellant | No. 1692 MDA 2015 |

Appeal from the Order Entered September 15, 2015
In the Court of Common Pleas of Fulton County
Criminal Division at No(s): CP-29-CR-0000001-2011

BEFORE: SHOGAN and DUBOW, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY SHOGAN, J.:                          **FILED JUNE 14, 2016**

Appellant, Dennis Eugene Lane, appeals from the order denying as untimely his second petition for relief filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.[1] We affirm.

The PCRA court summarized the procedural history of this case as follows:

---

[*] Former Justice specially assigned to the Superior Court.

[1] In addition, Appellant has filed a "Motion to Quash Appellee's Brief" raising, among other concerns, the fact that the Commonwealth filed its brief in an untimely manner. In a letter dated January 4, 2015, the office of the Superior Court Prothonotary notified the Commonwealth that its brief was due in this Court on or before January 28, 2016. When the Commonwealth failed to file its brief, the case was submitted to this panel for consideration on February 29, 2016. The Commonwealth then filed its brief with this Court on March 4, 2016. Accordingly, we grant Appellant's "Motion to Quash Appellee's Brief," and we will not consider it in rendering our disposition.

On November 16, 2011, [Appellant] was charged with Rape, two counts of Involuntary Deviate Sexual Intercourse, Statutory Sexual Assault, two counts of Aggravated Indecent Assault, Indecent Exposure, Corruption of Minors, Unlawful Contact with a Minor, and two counts of Indecent Assault, for offenses he committed from September 2007 to November 2010. [Appellant] entered a guilty plea on July 12, 2011, to Rape, Involuntary Deviate Sexual Intercourse, Statutory Sexual Assault, Corruption of Minors, Unlawful Contact with a Minor, and Indecent Assault. After several continuances, [Appellant] was sentenced on March 22, 2012 to 11 to 22 years in prison and was determined after a hearing to be a sexually violent predator [("SVP")]. [Appellant did not file a direct appeal.]

On March 23, 2013, [Appellant] filed his first *pro se* Petition for Post Conviction Collateral Relief. He was appointed PCRA counsel on March 27, 2013. An Amended Post Conviction Collateral Relief Act Petition was filed on December 5, 2013. A hearing was held on the Petition on May 20, 2014. On June 4, 2014, the [PCRA c]ourt entered an Order denying the Petition.

[Appellant] filed a *pro se* Notice of Appeal on July 3, 2014. After failing to file a concise statement pursuant to the Court Order of August 29, 2014, [Appellant's] court appointed counsel was removed, and Shane Kope, Esq., was eventually appointed. Attorney Kope filed a concise statement on January 5, 2015. On January 15, 2015, the [PCRA c]ourt entered an Order and Opinion pursuant to Pa.R.A.P. 1925(a). On August 19, 2015, the Superior Court affirmed [the PCRA c]ourt's denial of [Appellant's] PCRA Petition.

On August 19, 2015, [Appellant] filed a second Petition for Post Conviction Collateral Relief.[2] On August 26, 2015, the [c]ourt entered an Order notifying [Appellant] of its intention to dismiss the Petition without a hearing. On September 4, 2015, [Appellant] filed a [*pro se*] Response to the Court's Notice of Intent to Dismiss. By Order, on September 16, 2015, the Court dismissed [Appellant's] second PCRA Petition as being untimely

---

2 Appellant titled this document a "Second Petition for Post Conviction Collateral Relief, or Alternatively for Writ of *Habeas Corpus*."

pursuant to 42 Pa.C.S. § 9545(b). On September 30, 2015, [Appellant] filed a Notice of Appeal to the Superior Court.

Opinion, 12/8/15, at 1-2 (footnotes omitted). Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review, which we reproduce verbatim:

QUESTION # 1
Did the Trial Court ERROR in dismissing Appellants "Second Petition for Post Conviction Collateral Relief, or alternately for Writ of Habeas Corpus" under Rule 907 as untimely?

QUESTION # 2
Is an unconstitutional facially void statute enforceable as terms of a plea agreement?

QUESTION # 3
Are the crimes of Corruption of Minors (18 Pa. C.S. §6301(a)(1) and Indecent Assault of person under 16 years of age (18 Pa. C.S. §3126(a)(8) lesser included offenses of Rape (18 Pa. C.S. §3121(a)(1) or ISDI (18 Pa. C.S. §3123(a)(7) or Statutory Sexual Assault (18 Pa. C.S. §3122.1) or Unlawful contact with minor (18 Pa. C.S. §631.8(a)(1)?

QUESTION # 4
Were the procedures utilized in the Appellants SVP hearing to determine Appellants SVP status unconstitutional?

QUESTION # 5
Was each of Appellants three counsel ineffective?

Appellant's Brief at 3.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. ***Commonwealth v. Phillips***, 31

A.3d 317, 319 (Pa. Super. 2011) (citing **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Id**. (citing **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

Initially, we must determine whether this matter is properly before us. We begin by determining whether the PCRA court accurately considered Appellant's petition to be a PCRA petition and to impose the applicable timeliness requirements.

The scope of the PCRA is explicitly defined as follows:

This subchapter provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief. **The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis**. This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, to provide a means for raising issues waived in prior proceedings or to provide relief from collateral consequences of a criminal conviction.

42 Pa.C.S. § 9542 (emphasis added).

The plain language of the statute above demonstrates that the General Assembly intended that claims that **could** be brought under the PCRA **must** be brought under that Act. **Commonwealth v. Hall**, 771 A.2d 1232, 1235 (Pa. 2001) (emphases in original). Where a defendant's claims "are

- 4 -

cognizable under the PCRA, the common law and statutory remedies now subsumed by the PCRA are not separately available to the defendant." *Id*. at 1235 (citations omitted). By its own language, and by judicial decisions interpreting such language, the PCRA provides the sole means for obtaining state collateral relief. *Commonwealth v. Yarris*, 731 A.2d 581, 586 (Pa. 1999) (citations omitted). Thus, it is well settled that any collateral petition raising issues with respect to remedies offered under the PCRA will be considered to be a PCRA petition. *Commonwealth v. Deaner*, 779 A.2d 578, 580 (Pa. Super. 2001).

The question then is whether the particular claims raised in Appellant's petition are claims that were available to him under the PCRA. Upon review of the relevant law and Appellant's petition, we are constrained to conclude that the PCRA court properly considered it to be a PCRA petition.

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and may not be ignored in order to reach the merits of the petition. *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[3] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Carr*, 768 A.2d at 1167.

Our review of the record reflects that Appellant's judgment of sentence became final on April 23, 2012, thirty days after the trial court imposed the

---

[3] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

judgment of sentence and Appellant failed to file a direct appeal with this Court.[4] 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Thus, in order to be timely under the PCRA, Appellant needed to file the Petition on or before April 23, 2013. Appellant did not file the Petition until August 19, 2015. Accordingly, the Petition is a patently untimely PCRA petition.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). That burden necessarily entails an acknowledgment by the petitioner that the PCRA petition under review is untimely but one or more of the exceptions apply. *Commonwealth v. Beasley*, 741 A.2d 1258, 1261 (Pa. 1999). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2). In addition, exceptions cannot be raised for the first time on appeal. *Commonwealth v. Wharton*, 886 A.2d 1120, 1126 (Pa. 2005).

---

[4] We note that a direct appeal needed to be filed on or before Monday, April 23, 2012, because April 21, 2012, was a Saturday. *See* 1 Pa.C.S. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation). *See also* Pa.R.A.P. 107; Pa.R.A.P. 903, note.

Our review of the record reflects that the Petition failed to specifically allege or prove that any of the exceptions apply. Petition, 8/19/15. The court of common pleas aptly addressed this shortcoming in its opinion filed pursuant to Pa.R.A.P. 1925(a) as follows:

[Appellant] does not allege that he meets any of the three exceptions to the time-bar found in 42 Pa.C.S. § 9545(b)(i-iii).

Opinion, 12/8/15, at 3. Upon review of the Petition, we likewise conclude that Appellant failed to allege in his pleading that any of the exceptions apply or that the Petition was presented within the applicable sixty-day time frame. Thus, the court of common pleas was without jurisdiction to grant relief in this matter and it properly dismissed Appellant's PCRA petition as untimely.

In addition, in his memorandum in support of his PCRA petition, it appears that Appellant has ostensibly attempted to invoke the time-bar exception under section 9545(b)(1)(iii) by maintaining that his sentence is illegal and needs to be corrected by citing to **Apprendi v. New Jersey**, 530 U.S. 466 (2000), **Alleyne v. United States**, 133 S.Ct. 2151 (2013), and **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*). Memorandum, 8/19/15, at 4-6. Thus, Appellant's citations may be characterized as an attempt to assert the "new constitutional right" exception to the PCRA time-bar based on **Apprendi**, **Alleyne**, and **Newman**.

This Court has explained the rulings and impact of **Apprendi**, **Alleyne**, and **Newman** as follows:

> In **Alleyne***,* the Supreme Court held that the constitutional jury trial right requires any fact, other than a prior conviction, that triggers a mandatory minimum sentence to be proven beyond a reasonable doubt before the finder of fact. **Alleyne** is an application of the Court's prior pronouncement in **Apprendi v. New Jersey***,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which ruled that any fact that increases a maximum sentence must be found by the factfinder beyond a reasonable doubt or admitted by the defendant during his guilty plea. In **Alleyne***,* the United States Supreme Court expressly overruled **Harris v. United States***,* 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), which held that a fact that involves a mandatory minimum sentence does not implicate jury trial rights. **Alleyne** also implicitly abrogated **McMillan v. Pennsylvania***,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), which withstood an **Apprendi** attack in the **Harris** decision.
>
> In **Commonwealth v. Newman***,* 99 A.3d 86 (Pa. Super. 2014) (relying upon **Commonwealth v. Watley***,* 81 A.3d 108, 118 (Pa. Super. 2013) (*en banc*)), we noted that **Alleyne** will be applied to cases pending on **direct appeal** when **Alleyne** was issued.

**Commonwealth v. Riggle**, 119 A.3d 1058, 1064 (Pa. Super. 2015) (emphasis added).

While this Court has held that **Alleyne** applies retroactively to cases that were on direct appeal when **Alleyne** was issued, we have declined to construe that decision as applying retroactively to cases during PCRA review.

> In concluding **Alleyne** does not satisfy the new retroactive constitutional right exception to the PCRA's one year time bar, 42 Pa.C.S. § 9545(b)(1)(iii), the [**Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa. Super. 2014)] Court explained:

> Even assuming that **Alleyne** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases **in which the judgment of sentence had become final.** This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases.

*Id.* at 995 (citations omitted) (emphasis supplied). **Commonwealth v. Ruiz**, 131 A.3d 54, 58 (Pa. Super. 2015) (emphasis original).

**Alleyne** was decided on June 17, 2013. As noted, Appellant's judgment of sentence became final on April 23, 2012, more than one year before **Alleyne** was decided. Additionally, although a challenge based on **Alleyne** does implicate the legality of a sentence, "a legality of sentence claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies." **Miller**, 102 A.3d at 995-996. Appellant's petition was filed beyond the one-year deadline under the PCRA, and Appellant cannot rely on **Alleyne** or its progeny to invoke the timeliness exception at section 9545(b)(1)(iii) to rescue his petition.[5]

---

[5] While we acknowledge that Appellant's claim concerning **Alleyne** goes to the legality of his sentence, we note that this Court has stated that "although illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition." **Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa. Super. 2013).

In conclusion, because Appellant's second PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claims presented and grant relief. *See Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/14/2016